**Mary C. KRANDA, Appellant
(Plaintiff Below),**

v.

**HOUSER–NORBORG MEDICAL CORPO-
RATION and Keim T. Houser, M.D.,
Appellees (Defendants Below).**

No. 3–480A107.

Court of Appeals of Indiana,
Fourth District.

Aug. 24, 1981.

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, Edward A. Zych, Matthews-Petsche & Associates, South Bend, for appellant.

Edward A. Chapleau, Chapleau, McInerny, Minczeski & Farabaugh, South Bend, for appellees.

YOUNG, Judge.

ON PETITION FOR REHEARING

Kranda petitions this court for rehearing, 419 N.E.2d 1024, raising, among other things, our failure to address a claimed error in the refusal of her tendered instruction numbered four (4).

This instruction specifically set out the physician's duty to keep abreast of progress and modern methods of diagnosis and treatment and that failure to do so, which results in injury, could permit liability to be imposed upon that physician. Kranda generally argues that this instruction is a correct statement of the law. Accepting this as true, it presents no question in reference to the refusal to give these instructions. *Pennsylvania R. Co. v. Sargent,* (1949) 119 Ind.App. 195, 83 N.E.2d 793. She has failed to set out a factual basis for giving this instruction and has failed to offer any argu-

ment to establish that the substance of this instruction was not adequately covered by other instructions. *See, e. g., Dahlberg v. Ogle,* (1978) 268 Ind. 30, 373 N.E.2d 159.

As we noted in our earlier opinion, other instructions were given which did establish the duty owed to petitioner Kranda and the standard of care required. Refusal of an instruction is not error if the substance of it is covered by other instructions which are given. *Dahlberg, supra.*

Rehearing denied.

MILLER, J., concurs.

HOFFMAN, P. J. (sitting by designation), concurs.