STATE of Indiana ON the RELATION OF Katherine L. HILAND and George M. Hiland, Relators,

v.

The FOUNTAIN CIRCUIT COURT and the Honorable Vincent Grogg, as Judge Thereof, Respondents.

No. 23S00–8710–OR–956.

Supreme Court of Indiana.

Dec. 16, 1987.

Henry J. Price, Mary A. Findling, Price & DeLaney, Indianapolis, for relators.

William W. Drummy, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for respondents.

## ORIGINAL ACTION

DICKSON, Justice.

Pursuant to Indiana Original Action Rule 5(A), respondents contest an alternative writ issued by this Court compelling respondents to vacate an order of dismissal of a proceeding by relators Katherine L. Hiland and George M. Hiland (Hilands) against Manuel Cacdac, M.D. (Cacdac).

On April 9, 1987, Hilands filed a medical malpractice suit in the Vigo Superior Court, naming as defendants Cacdac, Hospital Corporation of America (HCA), and Terre Haute Regional Hospital (Regional). Cacdac was a qualified health care provider under the Indiana Medical Malpractice Act, Ind.Code § 16–9.5–1–1, *et seq.* HCA and Regional were not. Ind.Code § 16–9.5–9–2 prohibits the commencement in court of actions against a qualified health care provider "before the claimant's proposed complaint has been presented to a medical review panel ... and an opinion is rendered by the panel." However, limited subject matter jurisdiction may be invoked pursuant to Ind.Code § 16–9.5–10–2, which provides:

Any party to a proceeding commenced under this article, the commissioner or the chairman of any medical review panel, if any, may invoke the jurisdiction of the court by paying the statutory filing fee to the clerk and filing a copy of the proposed complaint and motion with the clerk. The filing of a copy of the proposed complaint and motion with the clerk shall confer jurisdiction upon the court over the subject matter and the parties to the proceeding for the limited purposes stated in this chapter, including the taxation and assessment of costs or the allowance of expenses, including reasonable attorney fees, or both. The moving party or his attorney shall cause as many summons as are necessary to be issued by the clerk and served on the commissioner, each non-moving party to the proceedings and the chairman of the

medical review panel, if any, unless the commissioner or the chairman is the moving party, together with the copy of the proposed complaint and a copy of the motion pursuant to Rules 4 through 4.17 of the Indiana Rules of Trial Procedure, IC 34–5–1–1.

The "limited purposes stated in this chapter" are set forth in Ind.Code § 16–9.5–10–1:

A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon filing of a copy of the proposed complaint and a written motion under this chapter, (1) *preliminarily determine any* affirmative defense or *issue of law or fact that may be preliminarily determined under Indiana Rules of Procedure;* or (2) compel discovery in accordance with the Indiana Rules of Procedure; or (3) both. (Emphasis supplied)

Earlier in the day on which Hilands commenced the action against the defendants, they had filed with the Insurance Commissioner of Indiana their proposed complaint for damages against Cacdac. After commencement of the action, Hilands immediately requested the trial court to exercise limited subject matter jurisdiction under Ind.Code § 16–9.5–10–2, and sought a court order imposing a stay upon "all proceedings against Cacdac in this cause until after the medical review panel has rendered its decision; the only exception being to require Cacdac to participate in any striking of counties pursuant to any motion for change of venue from the county or striking from the panel of judges pursuant to any motion for change of judge."

Cacdac promptly moved to dismiss the complaint against him alleging lack of subject matter jurisdiction because the medical review panel had not yet issued an opinion. Before the motion was ruled upon, Hilands were granted a change of venue to Vermillion Circuit Court. Defendants HCA and Regional then sought a further change of venue. After striking, the case was venued to Fountain Circuit Court, which there-

after granted Cacdac's motion to dismiss for lack of subject matter jurisdiction.

Hilands seek to mandate respondent trial court and judge to vacate its ruling dismissing the claim against Cacdac. The procedural strategy employed by Hilands was for the purpose of keeping all three defendants in the same lawsuit. If the action against Cacdac had been postponed until after the decision of the medical review panel, the result would have been two contemporaneous actions, separately triable, and subject to inconsistent and conflicting verdicts. At present, Indiana procedure does not recognize the consolidation of separate suits pending in separate jurisdictions. *See Figg & Muller Engineers Inc. v. Petruska* (1985), Ind.App., 477 N.E.2d 968.

Cacdac contends that determination of venue is not a proper purpose for invoking the jurisdiction of the trial court under I.C. § 16–9.5–10 *et seq*. He seeks a strict application of the requirement that no suit be instituted against him until after the medical review panel issues its opinion.

The circumstances of this case thus require us to determine whether in multiple defendant actions, where one of the defendants is a qualified health care provider, the unified advance resolution of change of venue matters is a "preliminary determination" for resolution under the limited subject matter jurisdiction permitted by I.C. § 16–9.5–10–1, 2.

This Court has previously recognized and reviewed the purposes of the General Assembly in its enactment of the Indiana Medical Malpractice Act. *Johnson v. St. Vincent Hospital Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585. In addition to these purposes, we observe that just and efficient judicial administration is not served by the sanctioning of a procedure that unnecessarily requires duplicitous multiple trials of the same factual issues, nor by inviting the prospect of inconsistent and contradictory verdicts.

Trial Rule 12(D) expressly recognizes that defenses relating to incorrect venue, failure to join a necessary party, and same action pending in another state court, are all matters for preliminary determination by the trial court.

Determinations of change of venue from the county and from the judge are among the issues of law or fact which may be preliminarily determined under Ind.Code § 16–9.5–10–1, 2. Such determinations will enhance, not deter, the objectives of the Indiana Medical Malpractice Act. Since the statutory provisions provide support for the opposing contentions of both parties, we deem just and efficient judicial administration as the policy consideration which must prevail in the present case.

We therefore find that the trial court's order dismissing relators' complaint against Michael A. Cacdac, M.D., should be vacated. The alternative writ previously issued in this case is hereby made permanent.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents.

PIVARNIK, J., dissents; and would deny issuance of the Writ.