STATE of Indiana on the Relation of
**VENCARE, INC., d/b/a, LaGrange County Hospital, Relator,**

v.

**The LaGRANGE CIRCUIT COURT and the Honorable Howard E. Petersen, as Judge Thereof, Respondents.**

No. 44S00-8905-OR-385.

Supreme Court of Indiana.

Dec. 20, 1989.

Mark W. Baeverstad, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for relator.

Kurt Bentley Grimm, Grimm & Grimm, P.C., Auburn, for respondents.

SHEPARD, Chief Justice.

This Court issued an alternative writ of mandate directing the LaGrange Circuit Court to grant Vencare's motion for change of venue and expunge certain discovery orders. We now make that writ permanent.

These proceedings are part of a controversy that began with the illness and death of Ashley Dalson. Ashley, an infant, was admitted to the LaGrange County Hospital on the afternoon of February 29, 1988, suffering from dehydration. She died that evening. Ashley's hospital room was a double; she had shared it with a five-year-old girl.

Following Ashley's death, two committees of hospital personnel met to discuss her care and the circumstances surrounding her death. Written minutes of those confidential and privileged meetings were taken. A written waiver of the confidentiality privilege has not been executed.

On March 24, 1988, Ashley's parents, Deliah J. and Roger Dalson, filed a proposed complaint with the Insurance Commissioner for the State of Indiana alleging that Ashley's death was caused by the negligent care and treatment by two doctors and by the LaGrange County Hospital and its agents and employees (Vencare), all qualified providers under the Indiana Medical Malpractice Act, Ind.Code § 16–9.5–2–1 (West 1984). After the proposed complaint was filed, attorneys for Vencare's carrier took statements from six nurses at the hospital for use in defending Vencare before the medical review panel of the Department of Insurance.

In October 1988, the Dalsons requested that Vencare produce nursing charts relating to any patient who shared a room with Ashley, all investigative reports prepared by Vencare or its insurance company concerning care given to Ashley, and copies of all Vencare employee statements about Ashley's death taken by the insurance company. Vencare refused to produce the documents.

The Dalsons initiated a proceeding in the LaGrange Circuit Court pursuant to Ind. Code § 16–9.5–10–1 [1] to compel Vencare to comply with the discovery request. Vencare moved for a change of venue. The trial court judge denied the change of venue and ordered Vencare to produce all the documents requested by the Dalsons. Vencare initiated this original action, asking us to compel the trial court to grant its change of venue and to prohibit the trial court from enforcing its discovery order.

■ In denying Vencare's change of venue motion, the trial court judge concluded that granting the motion was outside of his jurisdiction. That was incorrect. In *Indiana ex rel. Hiland v. Fountain Circuit Court* (1987), Ind., 516 N.E.2d 50, we held that determinations of change of venue and change of judge are among the issues of law or fact which may be preliminarily determined under Ind.Code § 16–9.5–10–1, 2, and that such determinations further rather than frustrate the objectives of the Indiana Medical Malpractice Act.

Only one of the three defendants in *Hiland* was a qualified health care provider. *Hiland* began as a malpractice action in the trial court with a motion to stay all proceedings against the qualified provider until after the Insurance Commissioner's medical malpractice panel had rendered its decision.

The Dalsons seek to distinguish *Hiland* by pointing out that their case came into the trial court on a motion to compel discovery under Ind.Code § 16–9.5–10–1 rather than for a venue determination in a lawsuit that had already commenced as *Hiland* had. The Dalsons state that they may never bring a malpractice action in a trial court. If they do bring such an action, they contend that Vencare should file its motion for change of venue at that time. Of course, there was no more guarantee in *Hiland* than there is in this case that the claim against the qualified provider would proceed beyond the panel stage. We permitted an early determination of venue in *Hiland,* and we do so here for the same reasons.

Because Vencare is entitled to a change of venue under our decision in *Hiland* and under Ind.Code § 34–2–12–1 [2], we direct

---

1. Ind.Code § 16–9.5–10–1 (West 1984) states in pertinent part:

    Sec. 1. A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter; (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovey in accordance with the Indiana Rules of Procedure; or (3) both.

2. Ind.Code § 34–2–12–1 (West 1983) states in pertinent part:

    Sec. 1 When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one (1) or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions.

the trial court to grant the motion for change of venue.

■ The second issue is whether the trial court erred in granting the Dalsons' motion to compel discovery. Vencare argues that the trial court violated various privileges by issuing its discovery order. We need not decide, however, whether the court's decision on this question was correct. The trial court was obligated to grant Vencare's motion for change of venue. After it was filed, the court lost jurisdiction to consider the Dalsons' discovery requests. We direct the trial court to expunge the discovery orders entered after the motion for change of venue was filed. The discovery issues raised by the motion to compel should be reexamined in the court to which the case is ultimately transferred.

The alternative writ of prohibition issued earlier is now made permanent.

GIVAN and DICKSON, JJ., concur.

DeBRULER and PIVARNIK, JJ., dissent.

