Stephen L. CULLEN, D.O., Glenn O. Ross, M.D., Daviess County Hospital, Defendants–Appellants,

v.

Phyllis A. WILDMAN, Plaintiff–Appellee.

No. 14A01–8909–CV–386.

Court of Appeals of Indiana, First District.

March 1, 1990.

D. Timothy Born, Fine & Hatfield, Fred S. White, Bamberger, Foreman, Oswald & Hahn, Evansville, for defendants-appellants.

Charles F. Robinson, Jr., Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for plaintiff-appellee.

ROBERTSON, Judge.

Pursuant to the Indiana Medical Malpractice Act, IND.CODE 16–9.5–1–1, *et seq.*, the plaintiff-appellee Wildman filed her proposed complaint with the Indiana Insurance Commissioner. The proposed complaint shows that Wildman is a resident of Martin County, Indiana, the defendant-appellants Cullen and Ross are residents of Daviess County, Indiana, the defendant-appellant hospital is located in Daviess County, Indiana, and the acts complained of occurred in Daviess County, Indiana. In her proposed complaint, Wildman elected Marion County, Indiana, as the designated county of venue.

The parties were unable to agree upon a chairman of the Medical Review Panel. When that happens I.C. 16–9.5–9–3(a) comes into play. It reads:

Within fifteen (15) days after filing the request for formation of a medical review panel under section 1 of this chapter, the parties shall select a panel chairman by agreement, or if no agreement can be reached, either party may request the clerk of the Supreme Court to draw at random a list of five (5) names of attorneys qualified to practice and presently on the rolls of the Supreme Court and maintaining offices in the county of venue designated in the proposed complaint or in a contiguous county.

The clerk drew up a list of four attorneys in Marion County and one from Hamilton County.

Cullen and Ross filed a motion for Preliminary Determination and Temporary Restraining Order which sought to require Wildman to name the preferred venue county as the designated county of venue. The denial of that motion is the basis of this interlocutory appeal with the issue stated as:

Whether the trial court erred in denying the defendants' Motion for Preliminary Determination, ruling that a plaintiff asserting a medical malpractice claim has the right to designate any county in the State of Indiana as the "county of venue" as that term is used in the Indiana Medical Malpractice Act at I.C. § 16–9.5–9–3 without regard to the preferred venue provisions of Rule 75 of the Indiana Rules of Trial Procedure.

The motion for a preliminary determination filed by Cullen and Ross is sanctioned by I.C. 16–9.5–10–1, which reads in pertinent part:

A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; ...

In the case of *State ex rel. Hiland v. Fountain Cir. Ct.* (1987), Ind., 516 N.E.2d 50, a medical malpractice case, it was held that questions relating to improper venue, among other things, were appropriate for a trial court's preliminary consideration pursuant to I.C. 16–9.5–10–1. That being the case, we are of the opinion that the trial court erred in its ruling denying the petition for a preliminary determination.

The facts show that, except for the location of Wildman's attorney whose office is in Marion County, the preferred venue county would properly be Daviess County. *See* Ind.Trial Rule 75(A).

This cause is reversed and remanded with instructions to vacate the ruling on the motion for preliminary determination and enter a ruling showing that Daviess County is the designated county of venue and instructing the clerk of the supreme court to act accordingly.

Reversed and remanded with instructions.

RATLIFF, C.J., and BAKER, J., concur.