**Elizabeth M. BORUFF, William E. Boruff, Appellants–Plaintiffs,**

v.

**Jerry JESSEPH, M.D. and Joseph Milan, M.D., Appellees–Defendants.**

No. 32A01–9102–CV–28.

Court of Appeals of Indiana,
First District.

Aug. 20, 1991.

Robert A. Smith, Michael P. Bishop, Bishop, Smith & Bishop, Indianapolis, for appellants-plaintiffs.

Len E. Bunger, William K. Steger, Bunger, Robertson, Kelley & Steger, Bloomington, for appellees-defendants.

BAKER, Judge.

Barteau, J., concurred in part, dissented in part, and filed opinion.

This appeal asks us to determine whether the word "battery" is a magic talisman which automatically removes a patient's complaint against a health care provider from the purview of the Medical Malpractice Act (the Act).[1] We hold that it is not, and therefore affirm the trial court's dismissal of this action.

Plaintiff-appellant Elizabeth Boruff consulted defendant-appellee Jerry Jesseph, M.D. for treatment of a rectal fistula. Dr. Jesseph recommended surgery. According to the complaint, Boruff and her husband, plaintiff-appellant William Boruff, told Dr. Jesseph that he alone was to perform the operation because the Boruffs did not want Dr. Jesseph's partner, defendant-appellee Joseph Milan, M.D., to take part in the operation.

On the day of the scheduled surgery, Dr. Jesseph was delayed, and Dr. Milan per-

---

1. IND.CODE 16–9.5–1–1 *et seq.*

formed the operation after Mrs. Boruff was advised of the change. Mrs. Boruff afterwards became fecally incontinent.

The Boruffs timely filed their two count complaint against Drs. Jesseph and Milan simultaneously in Marion Superior Court and with the Commissioner of Insurance for review by a medical review panel. In Count I, the Boruffs alleged that the doctors maintained negligent office procedures which led Dr. Milan to perform the surgery without learning from Dr. Jesseph that the Boruffs did not want Dr. Milan to perform the surgery. As a result of these alleged negligent office procedures, the Boruffs assert the surgery by Dr. Milan was a negligent and careless battery against Mrs. Boruff because Mrs. Boruff did not consent to the change of surgeons. *Record* at 3.

In Count II, which repeated the allegations of Count I, the Boruffs additionally alleged the doctors were negligent in failing to inform Mrs. Boruff of the risks of, and alternatives to, the surgery.

■ The doctors filed a motion to dismiss under Ind.Trial Rule 12(B)(2), arguing the trial court had no jurisdiction over the case until the prerequisites of the Act had been met. At the hearing on the motion, the doctors argued and the trial court found, that the Boruffs' action could not go forward until a medical review panel had issued an opinion on the Boruffs' complaint as required by IND.CODE 16–9.5–9–2.[2] The Boruffs now appeal, arguing the trial court erred in dismissing the action.

### DISCUSSION AND DECISION

■ The essence of the Boruffs' argument is that the allegation of battery removes their complaint from the purview of the Act, thereby obviating the medical review panel requirements. While the Bo-

ruffs are correct that not all acts performed by a physician constitute the rendition of professional services subject to the requirements of the Act, *Collins v. Thakkar* (1990), Ind.App., 552 N.E.2d 507, 511, *trans. denied,* it does not follow that the mere use of the word battery is sufficient to escape the requirements of the Act.

In *Collins,* the plaintiff alleged the defendant physician was her lover, and that he had committed a battery against her by deliberately, wrongfully, and painfully aborting their fetus immediately after performing a pelvic exam on the plaintiff and lying to her that she was not pregnant. As happened here, the trial court dismissed the complaint for failure to comply with the requirements of the Act. We found "the General Assembly intended to exclude from the [Act]'s purview conduct of a provider unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill or judgment." *Id.* at 510. Accordingly, we reversed the trial court's decision because the doctor's "behavior [could not] constitute the rendition of health care or professional services." *Id.* at 511 (footnote omitted).

Conversely, the instant case presents none of the wanton and gratuitous conduct present in *Collins.* The Boruffs' complaint charged that, as a result of the doctors' negligent office procedures, Dr. Milan performed the operation without Mrs. Boruff's informed consent, thus inflicting a negligent battery upon Mrs. Boruff.[3] This allegation concerns precisely that type of conduct specifically included within the purview of the Act: both surgical assignments and the actual conduct of a given operation are related to the promotion of a patient's health and require physicians to exercise

---

2. By the time of the hearing, the case had been venued to the Hendricks Circuit Court. The motion to dismiss also argued improper venue, and the doctors are correct that the court should have dismissed the action because of improper venue. The operation was performed at Bloomington Hospital, and both plaintiffs and both defendants reside in Monroe County.

If this case proceeds after the medical review panel has issued its opinion, Monroe County is the preferred venue. *See Cullen v. Wildman* (1990), Ind.App., 550 N.E.2d 821.

3. Negligent battery, of course, does not exist: battery is an intentional tort, not a tort of negli-

professional skill, expertise, and judgment.[4]

The real question the Boruffs raise is one of informed consent, and informed consent actions are based upon a breach of the physician's duty to "make reasonable disclosure of material facts relevant to the patient's decisions about treatment.... i.e., negligence, not battery." *Collins, supra,* 552 N.E.2d at 511, n. 6. In the course of rendering professional services to a patient, a physician's acts of negligence, including acts which constitute a breach of the duties to disclose information and obtain informed consent, are malpractice. *See* IND.CODE 16–9.5–1–1(h); *Kranda v. Houser–Norborg Medical Corp.* (1981), 419 N.E.2d 1024, 1037, *reh'g denied,* 424 N.E.2d 1064, *appeal dismissed,* (1982), 459 U.S. 802, 103 S.Ct. 23, 74 L.Ed.2d 39. Accordingly, the Boruffs' complaint is one alleging medical malpractice, and the trial court properly determined the complaint lies within the purview of the Act.

We are not unsympathetic to Mrs. Boruff's plight, but this opinion should not be regarded as a comment on the merits of the case. We merely hold that the Boruffs' complaint is a malpractice complaint, which requires them to pursue their remedy according to the requirements of the Act.

Judgment affirmed.

ROBERTSON, J., concurs.

BARTEAU, J., concurs in part and dissents in part with opinion.

BARTEAU, Judge, concurring in part and dissenting in part.

I concur that Count II of the Boruffs' complaint alleging that defendants were negligent for failing to adequately disclose the risks or alternatives to surgery is an action for medical negligence falling under the Medical Malpractice Act and must therefore be dismissed. I respectfully dissent from the conclusion of the majority

gence. *Revord v. Russell* (1980), Ind.App., 401 N.E.2d 763, 766.

that Count I alleging battery is a matter of medical negligence.

It is hornbook law that a surgeon who exceeds the scope of a patient's consent commits battery:

The defendant's privilege is limited to the conduct to which the plaintiff consents, or at least to acts of a substantially similar nature. * * * * Consent to operate on the right ear is not necessarily consent to operate on the left, and a patient who agrees to a blood test or a minor operation on his nose does not thereby consent to a spinal puncture, or the removal of his tonsils. With the patient unconscious under an anaesthetic, and unable to be consulted, the mere desirability of the operation does not protect the surgeon, who becomes liable for battery—which, in addition to making him liable for at least nominal and perhaps punitive damages, renders quite immaterial any question of whether he has complied with good professional practice.

W. PAGE KEETON, PROSSER AND KEETON ON TORTS 118–19 (5th ed. 1984).

The majority confuses the issue of informed consent, i.e. was Boruff adequately advised of the risks of the operation, with the issue of consent to Milan's performance of the surgery. Just as a surgeon commits battery by operating on the left ear of a patient who has consented to an operation on the right ear, so a surgeon commits battery by performing a consented-to operation on a patient who has refused permission for the operation to be performed by that particular surgeon. Boruff consented to have Jesseph perform the operation. She did not consent to have Milan perform the operation. In fact, she specifically withheld that consent. I see no difference between the facts before us and a case where a patient consents to hand surgery and receives foot surgery instead. In both situations, the consent is limited and if that limit is crossed, a battery occurs.

4. The Boruffs impliedly agree with this view, since their proposed complaint filed with the Commissioner of Insurance is identical to their complaint filed in Marion Superior Court.

The pleading filed by Boruff, while erroneously referring to battery as a negligent rather than intentional tort, sufficiently identifies a cause of action outside the Medical Malpractice Act. Boruff alleges that Milan committed a battery when he performed an operation on her without her consent. In order to prove her battery allegation, she needs to show a non-consensual harmful or offensive contact (operation) resulting from an act intended to cause her to suffer the contact (use of hand or surgical instrument to invade her body). Milan's ignorance that Boruff not only did not consent to his performance of the operation, but specifically withheld consent, is not a defense. A mistaken belief that consent has been granted will not excuse or justify the conduct.

The question is not whether Milan's surgical technique was compatible with the standard of care for doctors in that area. The success or failure of the operation is immaterial to the battery claim. Had the operation been completely successful, Boruff would still be entitled to damages if she proved the elements of her claim.