**Andrew VAN SICE, Appellant–Plaintiff,**

v.

**Marki S. SENTANY, M.D., Appellee–Defendant.**

**No. 49A02–9112–CV–558.[1]**

Court of Appeals of Indiana, First District.

July 13, 1992.

---

**1.** This case diverted by direction of the Chief Judge on 5/8/92.

Frederick S. Bremer, Indianapolis, for appellant-plaintiff.

Richard L. Fairchild, William J. Hamilton, Stewart & Irwin, Indianapolis, for appellee-defendant.

BAKER, Judge.

This appeal, like *Boruff v. Jesseph* (1991), Ind.App., 576 N.E.2d 1297 and *Collins v. Thakkar* (1990), Ind.App., 552 N.E.2d 507 before it, raises the question of the extent to which allegations of intentional torts against qualified health care providers lie within the scope of the Medical Malpractice Act (the Act).[2] In *Boruff,* we held that denominating an informed consent complaint as a battery was insufficient to circumvent the requirements of the Act, and we therefore affirmed the dismissal of the plaintiffs' complaint filed prior to the issuance of a medical review panel opinion under IND.CODE 16–9.5–9–2. In *Collins,* on the other hand, we reversed the dismissal of a patient's complaint against a qualified health care provider because the acts alleged in the complaint were unrelated to health care services.

As in *Boruff,* the allegations here are in substance complaints the defendant physician failed to adhere to the requisite standard of care.[3] We therefore affirm the trial court's dismissal of this action for failure to comply with the terms of the Act.

FACTS AND PROCEDURAL POSTURE

In early 1989, plaintiff-appellant Andrew Van Sice consulted defendant-appellee Marki Sentany, M.D., for treatment of a tumor in a finger. In February 1989, Dr. Sentany excised cancerous tissue from the finger. Later, however, cancer was again detected and Dr. Sentany performed additional operations on the finger to remove additional cancerous tissue.

**2.** IND.CODE 16–9.5–1–1 to 16–9.5–10–5.

**3.** Recently, in *Vergara v. Doan* (1992), Ind., 593 N.E.2d 185, Ind. No. 90S04–9206–CV–436, our supreme court abandoned the similar locality standard of care and adopted the standard of care under which "a physician must exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which he belongs, acting under the same or similar circumstances." *Id.* at 187.

On February 6, 1991, Van Sice simultaneously filed a proposed complaint with the Commissioner of Insurance for review by a medical review panel[4] and a different complaint in Marion Superior Court (the Marion County complaint). The proposed complaint contained four counts against Dr. Sentany. Count I alleged Dr. Sentany was negligent in his care of Van Sice. Count II alleged Dr. Sentany breached his contract with Van Sice to care for him in a proper manner, according to good medical practice. Count III was captioned as fraud. It alleged Dr. Sentany falsely told Van Sice that the chosen course of treatment was proper, that Dr. Sentany knew the chosen course of treatment involved unnecessary surgery, and that Van Sice relied on Dr. Sentany's representations to his detriment. Count IV was captioned as battery. It alleged Dr. Sentany did not fully inform Van Sice about the course of treatment, that Dr. Sentany performed surgery on Van Sice without Van Sice's informed consent, and that Van Sice would not have consented to the course of treatment had he been fully informed.

The Marion County complaint repeated the fraud and battery counts of the proposed complaint verbatim, but contained no additional counts.

Dr. Sentany moved to dismiss the Marion County complaint on the ground the trial court was without jurisdiction over the case until the medical review panel issued its opinion. Van Sice resisted the motion, and alternatively requested the trial court to grant him leave to amend the proposed complaint to include the fraud and battery counts contained in the Marion County complaint as well as an additional count for failure to obtain informed consent. The requested informed consent count was a virtual copy of the battery count. *Record* at 37. The trial court granted the motion to dismiss and denied Van Sice's motion for leave to amend. Van Sice now appeals, claiming both the trial court's decisions were error.

## I
## NATURE OF THE CLAIM

Van Sice, like the appellants in *Boruff, supra,* claims his allegations of fraud and battery remove his complaint from the requirements of the Act because such intentional torts, by virtue of their name alone, cannot constitute malpractice. He is mistaken.

■ Under the Act, " 'malpractice' means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient." IND.CODE 16-9.5-1-1(h). " 'Tort' means any legal wrong, breach of duty, or negligent or unlawful act or omission proximately causing injury or damage to another." IND.CODE 16-9.5-1-1(g). Thus, by its terms, the Act neither specifically includes nor excludes intentional torts from the definition of malpractice. Rather, the Act applies to conduct, curative or salutary in nature, by a health care provider acting in his or her professional capacity, and is designed to exclude only that conduct "unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment." *Boruff, supra,* at 1298 (quoting *Collins,* 552 N.E.2d at 510). It is therefore the substance of a claim, not its caption, which determines whether compliance with the Act is necessary. *See St. Anthony Medical Center, Inc. v. Smith* (1992), Ind.App., 592 N.E.2d 732, 736 (the relevant question is not an action's label but its substance) (citing *English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 308, *trans. denied*).

### A. Fraud

■ Here, Van Sice first alleged in Count I that Dr. Sentany committed fraud by "falsely representing ... that [the] method of treatment ... was a proper medical practice not involving unnecessary surgery." *Record* at 12. The remaining paragraphs of Count I set out the other elements of fraud, i.e., knowledge or reckless disregard of the representations' falsi-

4. IND.CODE 16-9.5-9-2(a).

ty, detrimental reliance,[5] and the prayer for relief requesting punitive damages. To maintain his claim, Van Sice must necessarily first prove the course of treatment was improper: if the course of treatment was proper, there of course can be no falsity or any knowledge or reckless disregard of falsity and, therefore, no fraud.

■ The question of whether a given course of treatment was medically proper and within the appropriate standard of care is the quintessence of a malpractice case. Indeed, the sole duty of the medical review panel is "to express its opinion as to whether or not the evidence supports the conclusion that the defendant ... acted or failed to act within the appropriate standards of care." IND.CODE 16–9.5–9–7. Thus, the substance of Van Sice's fraud claim is that Dr. Sentany, by failing to adhere to the requisite standard of care in his treatment of Van Sice, committed a tort based on the rendition of professional services to Van Sice. Count I is, therefore, a claim for malpractice, and must be reviewed by the medical review panel before it can be filed in court.

*B. Battery*

■ The same reasoning applies to Van Sice's battery claim in Count II. Although captioned as a battery, the substance of Count II is Dr. Sentany's alleged failure to disclose fully to Van Sice the inherent risks of, and alternatives to, the course of treatment, and the concomitant failure to obtain Van Sice's informed con-

sent. "[A]cts which constitute a breach of the duties to disclose information and obtain informed consent ... are malpractice." *Boruff, supra,* at 1299.[6] Therefore, Count II is within the scope of the Act.

Because both Count I and Count II of Van Sice's complaint allege acts falling within the Act's definition of malpractice, the trial court properly dismissed the complaint without prejudice.

## II

Van Sice next contends that, even if the trial court properly dismissed his complaint, the court should have granted his motion for leave to amend his proposed complaint on file with the Commissioner of Insurance to include an informed consent Count. He bases his argument on IND. CODE 16–9.5–10–1, which gives trial courts authority to "preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure" while the proposed complaint is pending review by the panel. This argument fails for two reasons.

■ First, there is no statutory prohibition against filing a motion to amend the proposed complaint with the Commissioner of Insurance, and indeed, it is routine practice to allow amendment during the pendency of the panel's review. *See, e.g., Yarnell v. Hurley* (1991), Ind.App., 572 N.E.2d 1312; *Conrad v. Waugh* (1985), Ind.App., 474 N.E.2d 130. Because the panel is to

---

5. *See, e.g., First Nat'l Bank of New Castle v. Acra* (1984), Ind.App., 462 N.E.2d 1345.

6. "The doctrine of informed consent is a negligence theory." *Kerr v. Carlos* (1991), Ind.App., 582 N.E.2d 860, 864. The failure to obtain informed consent rises to the level of battery only when the physician completely fails to obtain informed consent. *Id.* Even in that type of case, though, the label "battery" is not dispositive of whether a claim falls within the scope of the Act. For example, in *Collins,* the wanton and gratuitous conduct of using medical instruments to effect a miscarriage despite the victim's protests, removed the victim's claim from the Act.

On the other hand, a physician who, in the process of treating a strangulated hernia in the lower right abdomen with informed consent,

fortuitously discovers an inflamed appendix, and then performs an appendectomy, may well be said to have committed a "battery" due to the complete lack of the patient's consent to the procedure. But it is a battery in name only; malpractice includes "a tort ... based on health care or professional services rendered, or which should have been rendered ... to a patient." IND.CODE 16–9.5–1–1(h). Again, the substance of the claim controls. *St. Anthony Medical Center, Inc., supra.* Assuming the appendectomy was performed properly, the substance of a battery claim arising from the treatment would nonetheless be a tort based on the rendition of "professional services," not a tort based on "wanton and gratuitous" conduct, and would therefore be within the scope of the Act.

review all claims falling within the Act, it is a matter of course that leave to amend a proposed complaint should be requested in the first instance from the chairman of the panel assigned to review a proposed complaint under IND.CODE 16–9.5–9–3. Here, however, there is no evidence in the record that Van Sice did so, and he cannot now claim error in the trial court's denial of his motion. The situation is similar to the judicial review of administrative decisions. The party seeking relief from the trial court must show that the administrative agency whose acts are under review committed some error warranting reversal of the agency decision. *See Indiana Dep't of Natural Resources v. Krantz* (1991), Ind. App., 581 N.E.2d 935, 940. Here, however, there can be no administrative error, and therefore, no trial court error, because Van Sice never requested leave to amend from the panel chairman. Until a motion for leave to amend a proposed complaint has been filed with the panel during the pendency of the panel's review, there is no relief the trial court can give under IND. CODE 16–9.5–10–1.

Second, the proposed complaint contains, verbatim, the fraud and battery counts of the dismissed Marion County complaint, and, as we have already held, the battery claim in Van Sice's proposed complaint is, in substance, an informed consent claim. Therefore, the issues of fraud, battery, and informed consent are already before the panel and the requested amendment is unnecessary.

## CONCLUSION

The judgment of the trial court is in all things affirmed.

ROBERTSON and MILLER, JJ., concur.