Cheryl Lynn **PRICE** by Next Friend Linda **PRICE**, Margaret Mason, Appellants,

v.

The **METHODIST HOSPITALS**, INC., Appellee.

No. 45A03–9109–CV–289.

Court of Appeals of Indiana, Third District.

Dec. 14, 1992.

Francis J. Schafer, Schafer and Schafer, P.C., Merrillville, for appellant Cheryl Lynn Price.

Timothy S. Schafer, Schafer and Schafer, P.C., Merrillville, for appellant Margaret Mason.

Peter C. Bomberger, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for appellee the Methodist Hosp., Inc.

Daniel A. Gioia, Tammy S. Sestak, Spangler, Jennings & Dougherty, P.C., Merrillville, for appellee Jose F. Bicalho, M.D.

HOFFMAN, Judge.

Appellants Cheryl Lynn Price b/n/f Linda Price (Price) and Margaret Mason (Mason) appeal the Lake Superior Court's grant of a motion to compel discovery and award of fees and expenses in favor of appellee The Methodist Hospitals, Inc. (the Hospital).

The facts relevant to the appeal disclose that Mason and Price filed medical malpractice complaints against the Hospital with the Lake Circuit Court as well as with the Indiana Insurance Commissioner pursuant to the requirements of the Indiana Medical Malpractice Act. On the motion of the Hospital, the Lake Circuit Court venued the Mason's court action to the Porter Superior Court. Also on the motion of the Hospital, the Lake Circuit Court dismissed the Price's court action.[1] In January and February of 1990, the Hospital served Mason and Price respectively with a second set of interrogatories pertaining to whether they or their attorneys had contacted any members of the medical review panel. The Hospital filed motions to compel discovery with the Lake Superior Court on May 30, 1990.

After a hearing on December 4, 1990, the Lake Superior Court issued an order granting the Hospital's motions to compel discovery. The court held a status conference on January 15, 1991, after which it found Mason and Price in violation of its December 4 order. On January 16, 1991, the court ordered counsel for the Hospital to submit an affidavit as to the fees and expenses he incurred in connection with the discovery matter. Also on January 16, Mason filed a motion to dismiss for lack of subject-matter jurisdiction. After a hearing on June 4, 1991, the court denied Mason's motion to dismiss and assessed fees and expenses in the amount of $1,185.20 against Mason's attorney. The court also assessed fees and expenses in the amount

---

1. According to IND.CODE § 16–9.5–9–2, "no action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel." There is a question in the Mason action as to whether the Hospital was a qualified health care provider throughout the relevant time period, but there is no such question in the Price action.

of $1,843.60 against Price's attorney. This appeal ensued.

■ Mason claims the Lake Superior Court erred in denying her motion to dismiss for lack of subject-matter jurisdiction. Specifically, she claims the court lacked subject-matter jurisdiction over the Hospital's motion to compel discovery because the Porter Superior Court has exclusive jurisdiction over the malpractice action. However, the Medical Malpractice Act provides that, prior to the time the review panel renders an opinion, a court has limited jurisdiction to: "(1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovery in accordance with the Indiana Rules of Procedure; or (3) both." IND.CODE § 16–9.5–10–1. The act also provides that any party to the proceeding may invoke the limited jurisdiction of the court "by paying the statutory filing fee to the clerk and filing a copy of the proposed complaint and motion with the clerk." IND.CODE § 16–9.5–10–2. Here, the Hospital properly invoked the jurisdiction of the Lake Superior Court to compel discovery, and as that jurisdiction was limited to the discovery matter, it was separate and distinct from the jurisdiction, if any, of the Porter Superior Court over the cause of action.[2]

■ Mason also claims the Lake Superior Court lacked jurisdiction because the Hospital was not a qualified health care provider under the act. However, whether the Hospital was a qualified health care provider is irrelevant. As previously discussed, Chapter 10 of the act enables a party to invoke the jurisdiction of a court for the limited purpose of compelling discovery. Moreover, Mason's claim is premature since the commissioner of insurance is the proper figure to determine whether the health care provider qualifies under the act. *Guinn* at 824. The Lake Superior Court did not err in denying Mason's motion to dismiss.

■ Next, Mason and Price contend the Lake Superior Court erred in assessing fees and expenses against their attorneys for failing to comply with its order granting the Hospital's motion to compel discovery. Once a court grants a motion to compel discovery, a presumption arises that reimbursement of the prevailing party's expenses is in order. *Castillo v. Ruggiero* (1990), Ind.App., 562 N.E.2d 446, 450–451. This award is mandatory, subject only to a showing that the losing party's conduct was substantially justified, or that other circumstances make an award of expenses unjust. *Id.* at 451.

■ Mason and Price contend their answers to the Hospital's second set of interrogatories were proper; therefore, their failure to comply with the order compelling discovery was justified. The Hospital's interrogatories asked Mason and Price if they or their attorneys had ever contacted any members of the medical review panel.[3] After several months, Mason and Price answered in the negative while their attorneys answered as follows: "do not recall." Due to the lack of responsiveness on the part of the attorneys and the absence of proper verification, the court ordered Mason and Price to serve "properly verified, responsive answers" to the interrogatories. Price's attorney eventually served answers with his own verification; however, Price, Mason, and Mason's attorney never did, and neither attorney ever changed his answers in any way. Consequently, even assuming the answers were proper, Mason and Price failed to meet their burden of

---

2. As mentioned in footnote 1, there is a question in the Mason action as to whether the Hospital was a qualified health care provider throughout the relevant time period. If the Hospital was a qualified health care provider throughout the relevant time period, a determination the insurance commissioner makes (*Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 824), the Porter Superior Court would have no jurisdiction whatsoever due to IND.CODE § 16–9.5–9–2.

3. IND.CODE § 16–9.5–9–4(b) provides in pertinent part: "Neither a party, a party's agent, a party's attorney, nor a party's insurance carrier may communicate with any member of the panel, except as authorized by law, before the rendering of the panel's expert opinion under section 7 of this chapter."

proving a substantial justification for their lack of verification. The Lake Superior Court, therefore, did not err in assessing fees and expenses against their attorneys.

■ Finally, the Hospital has petitioned this Court for an award of appellate expenses pursuant to Ind. Trial Rule 37(A)(4) and (B)(2). This Court first addressed the issue of awarding expenses for defending a motion to compel on appeal in *Georgetown Steel Corp. v. Chaffee* (1988), Ind.App., 519 N.E.2d 574, 577:

> "While no Indiana court has addressed the issue, there is persuasive federal authority. In *Tamari v. Bache & Co. (Lebanon) S.A.L.* (7th Cir., 1984) 729 F.2d 469, the court awarded expenses incurred by defending an award of sanctions made under FRCP, Rule 37(B). The court reasoned that the appellate expenses were caused by the appellant's failure to comply with the court's original order. The same logic applies in the present case; the Chaffees' appellate expenses have been created by Georgetown's failure to comply with a reasonable discovery request. Moreover, as noted in *Tamari*, if appellate expenses were not awardable, then the original award would be offset and its benefit negated. Thus the same authority that authorized an award of expenses in the trial court, also contemplates an award of appellate expenses."

The trial court is the more appropriate forum for the evidentiary hearing necessary to determine the amount of such an award; therefore, this Court remands the cause to the Lake Superior Court for a hearing on appellate expenses.

Remanded for a hearing on appellate expenses; affirmed in all other respects.

GARRARD and STATON, JJ., concur.