Deborah A. **PERRY**, Individually and as Parent and Natural Guardian of Joseph B. Perry, Deceased, Walter E. Perry, Appellants–Respondents,

v.

William E. **COOPER**, M.D.,
Appellee–Petitioner.

No. 49A05–0008–CV–344.

Court of Appeals of Indiana.

Nov. 21, 2000.

John Muller, Indianapolis, Indiana, Attorney for Appellants.

J. Scott Fanzini, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

GARRARD, Senior Judge

In December, 1999, the Perrys filed their proposed complaint for medical malpractice with the Indiana Department of Insurance as prescribed by the Medical Malpractice Act. IC 34–18–1–1 *et seq.* In April, 2000, and before the medical review panel had given its opinion, the defendant physician filed in Marion Superior Court, Civil Division 7, his request for a preliminary determination compelling discovery pursuant to IC 34–18–11–1. Perrys responded with a motion for change of venue, contending that Bartholomew County was the preferred venue county under Ind. Trial Rule 75 and that Marion County was not a preferred venue county. After these motions were filed but before the court ruled, the Perrys filed their malpractice complaint in the Bartholomew Circuit Court pursuant to IC 34–18–8–7 which became effective July 1, 1999.[1] The trial court denied the motion for change of venue and held the discovery issues in abeyance pending the outcome of this appeal.

The Perrys contend that the court abused its discretion in denying the motion because Bartholomew County was the county in which all the parties reside, all alleged acts of negligence occurred, the claimants' decedent died and the case is pending. The physician does not dispute the ties to Bartholomew County but contends that the discovery issue is not subject to venue requirements and, in any event, his service of summons on the insurance commissioner and on the chairman of the medical review panel as required by IC 34–18–11–2 makes Marion County also a preferred venue county.

Initially, we note that the enactment of IC 34–18–8–7 which permits the filing of an action in a trial court before the medical review panel has issued its opinion, has no impact on our decision. Had that action been commenced before the physician sought a preliminary determination, then Bartholomew County would have had exclusive jurisdiction due to the doctrine of primary jurisdiction. *See, State ex rel. American F.N.B. v. Daugherty,* 258 Ind. 632, 283 N.E.2d 526 (1972); *Paternity of Fox,* 514 N.E.2d 638 (Ind.Ct.App.1987). We need not decide the application of that doctrine in the present case because our supreme court has already provided a more direct answer to the question before us.

In *State ex rel. Vencare v. LaGrange Cir. Ct.,* 547 N.E.2d 847 (Ind.1989) the patient's parents had filed a motion to compel discovery in connection with a proposed medical malpractice complaint that had been filed with the Insurance Commissioner. The hospital involved filed a motion to change venue which the trial court denied. Citing its earlier decision in *State ex rel. Hiland v. Fountain Cir. Ct.,* 516 N.E.2d 50 (Ind.1987) the supreme court held that determinations of change of venue were among the issues of law or fact

---

1. Prior to the enactment of this section, the act forbad filing the action prior to the issuance of the opinion of the medical review panel, and an action commenced in violation of IC 34–18–8–4 was subject to dismissal. *Bremer v. Comm. Hospitals,* 583 N.E.2d 780 (Ind.Ct.App.1991).

that might be preliminarily determined under IC 16–9.5–10–1, 2 [now IC 34–18–11–1, 2]. Accordingly, the court entered a permanent writ commanding the trial court to grant the change of venue and vacate the discovery orders it had entered.

Pointing out that when *Vencare* was decided a party might automatically secure a change of venue, the physician argues the *Vencare* should not control. We believe this argument presents a distinction without a difference. Preferred venue is no more and no less than a question of venue, and our supreme court has clearly held that venue is cognizable in a preliminary determination under IC 34–18–11–1.

Our decision in *Shelton v. Wick,* 715 N.E.2d 890, 894 (Ind.Ct.App.1999) is consistent with this view. In that case there was no motion for a preliminary determination before any court, but in reaching the issue before it the court noted that preferred venue status of a given county could only be determined after a court proceeding had been commenced.[2] The physician urges us, however, that under our decision in *Price v. Methodist Hospitals, Inc.,* 604 N.E.2d 652 (Ind.Ct.App. 1992) the motion could be heard by the Marion Superior Court. *Price* involved a motion for a preliminary determination concerning discovery under a somewhat complicated factual situation involving separate party defendants. No motion to change venue was before the court, and perhaps that is a sufficient basis for distinguishing the case. In any event, to the extent that our decision in *Price* may be read as implying that when properly placed before the court venue may be disregarded in preliminary determination cases, it is contrary to the holding in *Vencare* and must be disapproved.

We therefore hold that the Marion Superior Court had proper jurisdiction to determine and should have determined the issue of preferred venue.

■ The physician next argues that even if a preferred venue determination was necessary, Marion County satisfied the requirements. He premises this argument on the requirement of IC 34–18–11–2:

(a) A party to a proceeding commenced under this article ... may invoke the jurisdiction of the court by paying the statutory filing fee to the clerk and filing a copy of the proposed complaint and motion with the clerk.

(b) The filing of a copy of the proposed complaint and motion with the clerk confers jurisdiction upon the court over the subject matter and the parties to the proceeding for the limited purposes stated in this chapter, ....

(c) The moving party or the moving party's attorney shall cause as many summonses as are necessary to be issued by the clerk and served on the commissioner, each nonmoving party to the proceedings, and the chairman of the medical review panel, if any, ....

He contends that he complied with these requirements and caused summonses to be served on the commissioner and the chairman of the medical review panel, both of whom were residents of Marion County. Thus, he urges that the majority of the defendants were residents of Marion County. He further contends that the Department of Insurance is a governmental organization located in Marion County and this, too, is a basis for preferred venue. We disagree with these contentions.

While the statute quoted above requires service of summons on the commissioner and on the chairman of the medical review panel, it nevertheless clearly distinguishes them from "nonmoving part[ies] to the proceedings." Even more significantly, T.R. 75(A) which sets forth the requirements for preferred venue speaks of the

---

**2.** The opinion actually referred to the time a complaint is filed in court, but from the context it is clear that any valid court proceeding was contemplated. No Vencare issue was involved.

county "where the greater percentage of individual defendants *included in the complaint* reside" and of the county where the principal office of a governmental organization is located, if such organizations *"are included as defendants in the complaint."* [Emphasis added.]

Since neither the commissioner nor the chairman of the medical review panel or the Indiana Department of Insurance are included as defendants in the [proposed] complaint, the service of summons upon them as required by IC 34–18–11–2 does not alter the determination of what county may have preferred venue.

The trial court's ruling is reversed, and the case is remanded with instructions to transfer the case to the county of preferred venue.

Reversed and remanded.

KIRSCH J., and DARDEN, J., concur.